[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM DECISION
Plaintiff-appellant, Joseph Campbell, appeals from a judgment of the Franklin County Municipal Court in favor of defendant-appellee, Gentry Landings Condominium Association.
Appellant is a resident of Gentry Landings Condominiums. He originally filed this action in the Court of Small Claims seeking $2,577.15 in damages allegedly flowing from defects in the complex's storm drainage system, and resultant flooding in his condominium unit.
The matter proceeded to be tried to the bench on June 2, 1998. The court heard testimony from experts for both parties, and considered photographic evidence depicting the property areas in question. The court then rendered its decision in favor of appellee, finding that the damage resulted from the design of appellant's patio, and not from any defect in the condominium storm drainage system. Because the patio was indisputably the maintenance responsibility of the homeowner and not the condominium association, the court held that appellee was not liable for appellant's damages. Judgment was entered accordingly on October 13, 1998.
Appellant has timely appealed and brings the following assignment of error:
 There was no competent, credible evidence presented at trial to support the trial court's conclusion in its decision of August 20, 1998 that the Appellant's property damage was caused by either his patio's lack of a secondary drainage system or the fact that his patio did not slope away from his building.
For purposes of this appeal, the majority of the facts are undisputed, and it is only the conclusions to be drawn therefrom which are in question. Appellant's home is one of four condominium units in a building located at Gentry Landings. Behind the four units is a wide drainage ditch, or swale, which leads to a catch basin and drain. The catch basin projects above the surrounding floor of the swale, and is topped with a large square drain opening covered with a grate. A lower opening in the side of the catch basin at ground level admits a smaller amount of water to the storm sewer system. Appellee's property manager testified that the purpose of the swale and elevated catch basin is to regulate the flow of water into the city storm sewer system, retaining some water in heavy downpours to avoid overwhelming the system.
Appellant's condominium unit had behind it at the time in question a concrete patio at roughly floor level, attached to the family room by a sliding glass door. This patio was installed by a previous owner from whom appellant purchased the condominium unit. The surface of the concrete patio was convex, creating a low point in the center of the patio. At this low point, a drain grate and pipe were installed which collected water from the patio and carried it through an underground pipe projecting from the side of the swale.
On two or more occasions, appellant suffered flood damage from water accumulating on the patio and penetrating beneath the sill of his sliding glass door. On the first occasion, appellant notified appellee about his damages, consisting of cleaning and drying costs for carpeting and drapes, and appellee reimbursed him in full. On May 16, 1996, the same problem occurred. At this time, appellee refused to reimburse appellant, asserting that he was responsible for his damages because it resulted from the design of his patio.
The parties agree that appellant's patio area is "unit owner property" which appellant is responsible for maintaining, and the storm sewer drains and swale are common property which is the responsibility of appellee.
Appellant's contention is that the elevated catch basin is negligently designed and maintained, so that considerable standing water will accumulate in the drainage swale, backing up into his drainage pipe and inhibiting drainage from the patio. Appellee's position, to the contrary, is that appellant's patio drainage system was negligently designed, since it drained into the swale at a level which was, by the design of the storm sewer system, subject to immersion in heavy downpours. "In order to recover on a negligence claim, a plaintiff must prove (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, and (3) that the breach of the duty proximately caused the plaintiff's injury." Chambers v. St. Mary'sSchool (1998), 82 Ohio St.3d 563, 565, citing Wellman v. E. OhioGas Co. (1953), 160 Ohio St. 103, 108-109. In the present case, the trial court concluded, in essence, that appellant had not proved by a preponderance of the evidence a duty on the part of appellee to maintain the drainage swale and catch basin in a condition to accept the drainage from appellant's patio, and/or, alternatively, that appellant had not proved that appellee had been negligent in its maintenance of the drainage swale and catch basin.
Appellant's appeal is brought on manifest weight grounds. When reviewing a trial court's decision on a manifest weight of the evidence basis, we are guided by a presumption that the findings of the trial court were correct. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The rationale for this presumption is that the trial court is in the best position to evaluate the evidence by viewing witnesses and their demeanor, voice inflections, and gestures. Seasons Coal Co. v. Cleveland
(1984), 10 Ohio St.3d 77. Thus, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E Morris Co. v.Foley Const. Co. (1978), 54 Ohio St.2d 279.
In the present case, the trial court had before it testimony from appellee's property manager and appellee's expert for the case that the drainage swale and catch basin functioned as designed and needed. The property manager testified that rain water would collect in the swale during heavy downpours up to the level of the main grated inlet, and then gradually drain off any accumulation in order to avoid overloading the city storm sewer system. This was described by the expert as normal operation for the catch basin and drainage swale.
Appellant's own expert testified that, without the drainage pipe from appellant's patio into the swale, appellant's patio and home would not have flooded, assuming that the patio was otherwise sloped to carry any rain water away from the building. Appellant's expert conceded that, were he to design such a patio, he would have built it without a central drain, and sloping away from the residence. Appellant's expert also conceded that even if the patio drain had been completely clogged or nonexistent, and there had been no connection between the patio and drainage swale, the patio would have flooded because of its form and the damage would have occurred.
In summary, appellant's evidence established only a relationship between the ponded water level in the swale and the drainage capacity of his patio as built. This does not necessarily establish, however, a corresponding responsibility upon appellee to maintain the pre-existing swale and storm sewer catch basin in such a manner as to accommodate appellant's subsequently installed patio drain. Giving due deference to the trial court's interpretation of the conflicting evidence before it, we find that there is competent, credible evidence to support the trial court's conclusion that appellant's damages resulted from the prior property owner's imprudent patio design, and that there was no breach of duty on the part of appellee which would be the proximate cause of appellant's flooding. We accordingly find that the trial court's judgment was not against the manifest weight of the evidence, and appellant's assignment of error is therefore overruled. The judgment of the Franklin County Municipal Court is accordingly affirmed.
Judgment affirmed
LAZARUS, P.J., and TYACK, J., concur.